Mathew K. Higbee, Esq., SBN 11158
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave, #200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6729 facsimile
Email: mhigbee@higbeeassociates.com

Attorney for Plaintiff,
TAMARA WILLIAMS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TAMARA WILLIAMS,<br><br>                    Plaintiff,<br><br>v.<br><br>BIKINI.COM, LLC; and DOES 1 through 10 inclusive,<br><br>                    Defendants. | Case No. 2:22-cv-00864-CDS-DJA<br><br>**JOINT DISCOVERY PLAN PURSUANT TO RULE 26(f) and SCHEDULING ORDER (SUBMITTED IN COMPLIANCE WITH LR 26-1(b))** |

Counsel for the Plaintiff Tamara Williams ("Williams") and Defendant Bikini.com, LLC ("Bikini.com"), hereby submit the following Joint Discovery Plan as required by Federal Rule of Civil Procedure 26(f) and Local Rule 26-1.

**A.      Jurisdiction and Service**

The parties agree that the Court has subject matter jurisdiction over all of Plaintiff's claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) where Plaintiff has alleged claims that arise under the Copyright Act, 17 U.S.C. § 101, *et seq.* No issues exist regarding personal jurisdiction or venue. No additional parties remain to be served.

**B.      Background**

According to the Complaint, Plaintiff is a highly successful freelance photographer specializing in beauty and fashion photography. Plaintiff alleges she is most well-known for her natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed over 600,000

1

followers. Plaintiff claims she is the author and sole rights holder of four photographs of beauty models ("Photographs") which are registered with the United States Copyright Office under registrations VA 2-114-447, VA 2-178-320, VA 2-130-596, and VA 2-248-051 respectively.

According to the Complaint, on or about July 2020, Plaintiff began to discover her Photographs being used without her permission in various posts made by the @bikinidotcom account ("Posts"). Plaintiff is informed and believes that the purpose of the Posts was the increase followers to the @bikinidotcom Instagram account in order to drive traffic to www.bikini.com. Defendant maintains the Instagram account @bikinidotcom, a lifestyle page that contains a curated collection of resort wear and swim-related photos. Although some posts direct followers to Defendant's retail page www.bikini.com, many postings do not make any reference to the retail page and are not made for the purpose of increasing traffic to the retail page.  As with two of the photos at issue here, where there is identifying information of the original photographer, Defendant tags the photographer and provides credit.  When contacted by Plaintiff requesting removal of the photos at issue, Defendant promptly complied. Defendant refutes the claims brought against it by Plaintiff and asserts various defenses, as detailed in its Answer.

**C.    Motions**

There are no pending motions.

**D.    Discovery Cut-Off Date:**

The parties agree that they can complete discovery within the 180-day discovery period by December 23, 2022 as the matter is not complex.

**E.    Amending the Pleadings and Adding Parties:**

The parties propose that the last day to amend the pleadings or add parties be ~~September 12, 2022.~~  **September 26, 2022.**

**F.    Fed. R. Civ. P. 26(a)(1) Initial Disclosures:**

The parties will exchange Initial Disclosures no later than August 22, 2022.

2

**G.     Fed. R. Civ. P. 26(a)(2) Disclosure (Experts):**

The parties propose the last day for Expert Disclosures be October 24, 2022. The parties propose that Rebuttal Expert disclosures shall be made 30 days after on or before November 24, 2022.

**H.     Dispositive Motions**

The parties propose the deadline for filing dispositive motions be January 24, 2023.

**I.     Pretrial Order**

The parties propose that the deadline for filing the joint pretrial order be February 23, 2023, or if a dispositive motion is filed, 30 days after the Court rules on any filed dispositive motion.

**J.     Fed. R. Civ. P. 26(a)(3) Disclosures**

Pursuant to Local Rule 26-1(b), disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

**K.     Class Actions**

This case is not a class action and the parties do not anticipate the addition of class allegations.

**L.     Related Cases**

This case is not related to any other case pending in this Court or in any other district.

**M.     Relief**

As alleged in the Complaint, Plaintiff seeks:

1.      Defendant and its officers, agents, servants, employees, and representatives, and all persons in active concert or participation with Defendant be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in the any of Plaintiff's copyrighted works;

2. Actual damages and disgorgement of all profits derived by Defendant from its acts of copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1), or in the alternative and at Plaintiff's election, statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) and (c);

3. Reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505 or otherwise available by law;

4. Costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) and (b), 17 U.S.C. § 505, or otherwise available by law;

5. Prejudgment interest on all amounts owed; and

6. Any such other and further relief as the Court may deem just and appropriate.

Defendant denies that Plaintiff is entitled to any of the relief requested in its prayer for relief.

**N.     Alternative Dispute Resolution**

The parties are currently engaged in informal settlement discussions. The parties believe referral to a formal ADR process would not be beneficial to this case unless and until informal settlement discussions have ceased or the parties have reached an impasse.

Both parties reserve the right to file a request for ADR with the Court should the need arise.

The parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration and if applicable, early neutral evaluation.

**O.     Alternative Forms of Case Disposition**

The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program. The parties do not consent to magistrate judge jurisdiction.

**P.     Electronic Evidence**

The plaintiff demanded a jury trial. The parties certify that they have discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties have reached the following stipulations regarding providing discovery in an electronic format compatible with the court's electronic jury evidence display system:

Disclosure or discovery of electronically stored information should be handled as follows:

All electronic files are to be produced in their native format as kept in the ordinary course of business. Metadata shall not be removed from any file prior to production.

Prior to production of any electronically stored information, if such information or materials cannot reasonably be produced in its native format, the parties will meet and confer regarding to form of production, and in the event of a dispute F.R.C.P. § 26(b)(2) shall control.

Dated: August 11, 2022                    Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.,
Nevada Bar No. 11158
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave, #200
North Las Vegas, NV 89032
(714) 617-8373
*Attorney for Plaintiff*


By: /s/ Rew R. Goodenow
Rew R. Goodenow, Esq., Nevada Bar No. 3722
Zachary S. Shea, Esq., Nevada Bar No. 15094
50 West Liberty Street, Suite 750
Reno, Nevada 89501
Telephone:  775.323.1601
RGoodenow@parsonsbehle.com
ZShea@parsonsbehle.com

-and-

Katherine E. Mateo, Esq.

(*Pro Hac Vice to be submitted*)
Olshan Frome Wolosky LLP
1325 Avenue of the Americas
New York, New York 10019
KMateo@olshanlaw.com

*Attorneys for Defendant Bikini.com LLC*

IT IS SO ORDERED subject to the following modification.  The deadline to amend pleadings and add parties is September 26, 2022.

Date: August 15, 2022  _____

DANIEL J. ALBREGTS

UNITED STATES MAGISTRATE JUDGE

6