PARSONS BEHLE & LATIMER
Rew R. Goodenow, Nevada Bar ID #3722
50 West Liberty Street, Suite 750
Reno, Nevada 89501
Telephone: 775.323.1601
Facsimile: 775.348.7250
RGoodenow@parsonsbehle.com

*Attorney for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TAMARA WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>BIKINI.COM, LLC; and DOES 1 through 10 inclusive,,<br><br>Defendants. | Case No. 2:22-cv-00864-CDS-DJA<br><br>**MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT AND [PROPOSED] ORDER** |

Pursuant to Local Rule IA 11-6 and Rule 1.16 of the Nevada Rules of Professional Conduct, Rew R. Goodenow ("Counsel"), the attorney of record for Defendant Bikini.com, LLC ("Defendant"), respectfully requests this Court for leave to withdraw as attorney of record for Defendant in the above-captioned case and be removed from the service list.

This Motion is made and based on the following points and authorities and the pleadings and papers on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION & STATEMENT OF FACTS**

Pursuant to Rule 1.16 of the Nevada Rules of Professional Conduct, Counsel's motion should be granted because an irreconcilable breakdown has occurred in this attorney-client relationship, withdrawal can be accomplished without material adverse effect on the interests of Defendant, and Counsel is unable to proceed for reasons which implicate Rule 1.16(b)(5) and (6) of the Nevada Rules of Professional Conduct, namely, lack of payment. Accordingly, Counsel seeks to be allowed to withdraw as attorney of record for Defendant.

## II. LEGAL ARGUMENT

### A. Withdrawal should be granted under NRPC 1.16(b)(5) and (6)

Nevada Rule of Professional Conduct Rule (NRPC) 1.16(b) provides:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
> (1) Withdrawal can be accomplished without material adverse effect on the interests of the client;
> (2) The client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (3) The client has used the lawyer's services to perpetrate a crime or fraud;
> (4) A client insists upon taking action that the lawyer considers repugnant or with which the lawyer has fundamental disagreement;
> (5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> (7) Other good cause for withdrawal exists.

Further, Nevada Supreme Court Rule 46 provides:

> The attorney in an action or special proceeding may be changed at any time before judgment or final determination as follows:
>
> 1. Upon consent of the attorney, approved by the client.
> 2. Upon the order of the court or judge thereof on the application of the attorney or client.
>
> After judgment or final determination, an attorney may withdraw as attorney of record at any time upon the attorney's filing a withdrawal, with or without the client's consent.

Consistent with its obligations under NRCP 1.16 and SCR 46 of the Nevada Rules of Professional Conduct, Counsel has notified Defendant in writing of the status of the case, including the dates and times of any scheduled court proceedings. Additionally, Counsel has notified Defendant in writing of its intent to withdraw from representation, if the Defendant continued to fail to meet their obligations under 1.16(b)(5). As these obligations have not been met, and continued representation will result in an unreasonable financial burden on Counsel seeks leave to withdraw as counsel of record.

The most recent action in this case was the Plaintiff's Motion for Summary Judgment, filed on April 17, 2023. The deadline to oppose the motion has passed and no hearings are scheduled as

of the date of this filing. Therefore, withdrawal of counsel will not cause undue delay or burden on the proceedings.

Accordingly, Counsel moves this Court for leave to withdraw as counsel for Defendant in the above-entitled matter and be removed from the service list. Defendant has been notified of undersigned counsel's Motion to Withdraw and will be served with a copy of this Motion via certified mail, return receipt requested, contemporaneously with the filing of this Motion.

### III. CONCLUSION

Based upon the foregoing, the Motion to Withdraw should be granted.

DATED: November 8, 2023            PARSONS BEHLE & LATIMER

_____
Rew R. Goodenow, Nevada Bar ID #3722
50 West Liberty Street, Suite 750
Reno, Nevada 89501
RGoodenow@parsonsbehle.com

*Attorney for Defendant*

### ORDER

Withdrawal Granted.

IT IS SO ORDERED

DATED:

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Parsons Behle & Latimer, and that on this 8th day of November, 2023, I caused a true and correct copy of the foregoing document, **MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT**, to be electronically transmitted to the following:

>Matthew K. Higbee
>Higbee & Associates
>3110 W. Cheyenne Avenue, Suite 200
>North Las Vegas, Nevada 89032
>mhigbee@higbee.law
>*Attorney for Plaintiff*

And also on this date, I caused a true and correct copy of the foregoing document, **MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT**, to be emailed and deposited for mailing in the U.S. Mail, at Reno, Nevada, with postage prepaid to the following:

>Bikini.com, LLC
>c/o Steven Wright, Corporate Counsel
>Remark Holdings
>800 Commerce St.
>Las Vegas, NV 89106
>swright@remarkholdings.com

/s/ *Sara Sakurada*
Employee of Parsons Behle & Latimer

PARSONS BEHLE & LATIMER

4