1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Tamara Williams,

               Plaintiff,

    v.

Bikini.com, LLC,

               Defendant.

Case No. 2:22-cv-00864-CDS-DJA

**Order**

11    Rew R. Goodenow, Esq. of the law firm Parsons Behle & Latimer moves to withdraw as

12    counsel of record for Defendant Bikini.com, LLC, explaining that Defendant has not been making

13    payments.  (ECF No. 26).  Plaintiff opposes the motion, arguing that withdrawal will prejudice

14    her because Defendant—as a corporate defendant—cannot represent itself.  (ECF No. 27).

15    Plaintiff adds that Defendant has not responded to her motion for summary judgment and thus,

16    allowing Defendant's counsel to withdraw will leave the status of that motion uncertain.

17    Goodenow replies and explains that Defendant has discharged him and has signed a declaration to

18    that effect.  Goodenow also argues that Defendant did not respond to Plaintiff's motion for

19    summary judgment "pursuant to negotiations between counsel that are protected from disclosure

20    under FRE 408."  (ECF No. 28).

21    Plaintiff moves to file a sur-reply to address Goodenow's assertion that Defendant did not

22    respond to Plaintiff's motion for summary judgment "pursuant to negotiations."  (ECF No. 29).

23    Plaintiff attaches her sur-reply.  In that sur-reply, Plaintiff asserts that the parties engaged in

24    settlement negotiations *before* Plaintiff filed her motion for summary judgment, which

25    negotiations fell through.

26    The Court will not force Goodenow and his firm to continue representing Defendant when

27    Defendant does not want Goodenow to represent it.  Nor will it force Goodenow to work for free.

28    The Court also finds that Goodenow has met the requirements of Local Rule IA 11-6(b),

1  governing withdrawal.  However, Plaintiff raises legitimate concerns over Defendant's need to be

2  represented by counsel in this action.  *See Reading Intern., Inc. v. Malulani Group, Ltd.*, 814 F.3d

3  1046, 1053 (9th Cir. 2016) (explaining that corporations must be represented by counsel).

4        The Court will thus grant Goodenow's motion to withdraw, but will set a deadline by

5  which Defendant must inform the Court of its new counsel.  The Court will also grant Plaintiff's

6  motion to file a sur-reply, having considered Plaintiff's arguments made in that sur-reply.

7  Plaintiff shall detach and file her sur-reply on the docket.

8

9        **IT IS THEREFORE ORDERED** that Goodenow's motion to withdraw (ECF No. 26) is

10  **granted.**

11        **IT IS FURTHER ORDERED** that Bikini.com, LLC must file a status report regarding

12  its retention of counsel on or before **December 21, 2023.**

13        **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to place

14  Bikini.com, LLC's last known addresses on the docket:

15

16  **Bikini.com, LLC**
   c/o Steven Wright, Corporate Counsel

17     Remark Holdings
   800 Commerce St.

18     Las Vegas, NV 89106
   Email: swright@remarkholdings.com

19

20        **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail this order

21  to Bikini.com, LLC at the addresses listed above.

22        **IT IS FURTHER ORDERED** that Plaintiff's motion to file a sur-reply (ECF No. 29) is

23  **granted.**  Plaintiff shall detach and file her sur-reply on or before **December 21, 2023.**

24

25  DATED: November 30, 2023

26  _____

27  DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

28