UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Tamara Williams,

                Plaintiff

   v.

Bikini.com, LLC,

              Defendant

Case No. 2:22-cv-00864-CDS-DJA

**Order Granting Motion for Summary Judgment and Closing Case**

[ECF No. 25]

This is a copyright infringement action filed by plaintiff Tamara Williams against defendant Bikini.com, LLC ("Bikini"). In her complaint, Williams alleges that Bikini infringed on her copyrights on four of her photographs ("Photographs") when Bikini posted the Photographs on its Instagram account without Williams' consent ("Posts"). Williams moves for summary judgment, arguing that there are no genuine issues of material fact as to her sole count of copyright infringement and therefore judgment in her favor is appropriate. To date, Bikini has not filed a response opposing the summary-judgment motion.[1] For the following reasons, I grant Williams' motion for summary judgment and kindly direct the Clerk of Court to close this case.

I.      **Background**

Williams is a professional photographer specializing in beauty and fashion photography. *See* Separate Statement of Undisputed Facts, ECF No. 25-1 at 2. She is the author and sole rights holder to the Photographs subject to this litigation.[2] *Id*. Williams claims that she does not allow

---

[1] The response to Williams' motion for summary judgment was due on May 8, 2023. ECF No. 25. On November 8, 2023, counsel for Bikini filed a motion to withdraw as attorney (ECF No. 26), which Williams opposed. ECF No. 27. On November 30, 2023, Magistrate Judge Albregts granted the motion to withdraw (ECF No. 30) and ordered Bikini to find new representation by December 21, 2023. December 21 passed with no notice of counsel filed on behalf of Bikini and on February 6, 2024, I ordered Bikini to show cause why case-dispositive sanctions should not be imposed for its failure to find representation. ECF No. 32. The February 27, 2024 deadline for Bikini to either file a written response to my show-cause order or file a notice of appearance has passed with no submission from Bikini.

[2] United States Copyright Office Registration Nos. VA 2-116-919; VA 2-178-320; VA 2-130-596; VA 2-248-051). *Id*. at 2–3. The effective registration dates of these Photographs pre-dated Williams' discovery of their unauthorized use by Bikini. ECF No. 25-1 at 3–4.

1 | commercial entities to use her photographs without purchasing a license. *Id.* On June 29, 2020,

2 | and May 17, 2021, Williams' agent, Lauren Kelly, discovered that Bikini, a swimwear company,

3 | had posted the Photographs on its Instagram account without her permission and furthermore,

4 | did not obtain a license for the Photographs prior to its use. Mot. Summ. J., ECF No. 25-4 at 3;

5 | ECF 25-3 at 3. On May 31, 2022, Williams brought a claim for willful copyright infringement

6 | under Title 17, United States Code, Section 101 *et seq.* Compl., ECF No. 1 at 3–4.

7 | **II.      Legal Standard**

8 |     Summary judgment is appropriate when the pleadings and admissible evidence "show

9 | that there is no genuine issue as to any material fact and that the movant is entitled to judgment

10 | as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).

11 | The court's ability to grant summary judgment on certain issues or elements is inherent in Rule

12 | 56. *See* Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of

13 | some alleged factual dispute between the parties will not defeat an otherwise properly

14 | supported motion for summary judgment; the requirement is that there be no genuine issue of

15 | material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A fact is material if it

16 | could affect the outcome of the case. *Id.* at 249. At the summary-judgment stage, the court must

17 | view all facts and draw all inferences in the light most favorable to the nonmoving party. *Kaiser*

18 | *Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). The moving party for

19 | summary judgment may meet their burden by "identifying … portions of the pleadings,

20 | depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

21 | any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*,

22 | 477 U.S. at 322 (citing Fed. R. Civ. P. 56(c) (quotations omitted)). Under Fed. R. Civ. P. 56(e),

23 | exhibits attached to affidavits for the purpose of summary judgment must be identified and

24 | authenticated. "Authentication is a condition precedent to admissibility, and this condition is

25 | satisfied by evidence sufficient to support a finding that the matter in question is what its

26 |

1  proponent claims." *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002) (citing Fed. R. Evid. 901(a)

2  (quotation and footnote omitted)).

3       For motions where the moving party will bear the ultimate burden of proof at trial, like

4  here, plaintiff bears the burden of proof on all essential elements of her claim. *S. California Gas Co.*

5  *v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003). Stated otherwise, Williams must

6  demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of

7  a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*

8  *Corp.*, 477 U.S. at 323; *Orr*, 285 F.3d at 773.

9       Further, district courts may grant an unopposed motion for summary judgment if the

10  movant's papers sufficiently support the motion and do not present on their face a genuine issue

11  of material fact. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). The failure to oppose

12  a motion for summary judgment does not permit the court to enter summary judgment by

13  default, but the lack of a response is not without consequences. *Heinemann v. Satterberg*, 731 F.3d

14  914, 917 (9th Cir. 2013). As Federal Rule of Civil Procedure 56(e) explains, "[i]f a party fails . . . to

15  properly address another party's assertion of fact[,] . . . the court may . . . consider the fact

16  undisputed for purposes of the motion" and "grant summary judgment if the motion and

17  supporting materials—including the facts considered undisputed—show that the movant is

18  entitled to it." Fed. R. Civ. P. 56(e)(2), (3); *Heinemann*, 731 F.3d at 917.

19  **III.    Discussion**

20        **A.    Williams is Entitled to Summary Judgment Because She Has Established a**

21             **Prima Facie Copyright Infringement Claim.**

22        Williams moves for summary judgment on her sole claim of willful copyright

23  infringement. To establish copyright infringement under Title 17, United States Code, Section

24  101 *et seq*, Williams must prove "(1) ownership of a valid copyright, and (2) copying of

25  constituent elements of the work that are original." *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668

26  F.3d 1148, 1153 (9th Cir. 2012) (internal quotation marks omitted). The Copyright Act provides

1   an additional damage remedy if the plaintiff can show that the violation was willful. *See* 17 U.S.C.

2   § 504(c)(2). "[A] finding of 'willfulness' in [the copyright] context can be based on either

3   'intentional' behavior, or merely 'reckless' behavior." *Barboza v. New Form, Inc. (In re Barboza)*, 545

4   F.3d 702, 707 (9th Cir. 2008). "'To prove 'willfulness' under the Copyright Act, the plaintiff must

5   show (1) that the defendant was actually aware of the infringing activity, or (2) that the

6   defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the

7   copyright holder's rights.'" *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 944 (9th

8   Cir. 2011) (quoting *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir.

9   2005)). "[E]vidence that notice had been accorded to the alleged infringer . . . is perhaps the

10  most persuasive evidence of willfulness." *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d

11  668, 675 (9th Cir. 2012) (quoting *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1227 (7th Cir.

12  1991) (quotation marks omitted)).

13          Based on the evidence Williams provided in her summary judgment motion, and absent

14  contrary evidence from Bikini raising any material disputes of fact, I find that Williams has

15  established a prima facie case of willful copyright infringement.

16                  1.      **Williams possessed valid copyrights for her Photographs.**

17          Williams meets the first element for a prima facie case of copyright infringement claim. It

18  is undisputed that she is the valid copyright owner of the Photographs. Copyright protection

19  extends to "pictorial" and "graphic" works. 17 U.S.C. § 102(a)(5). A certificate of registration

20  validly obtained from the Copyright Office within five years of first publication of a work

21  constitutes prima facie evidence of the originality of the work and of the facts stated therein,

22  including ownership. *See* 17 U.S.C. § 410(c). Copyright registrations are entitled to a rebuttable

23  presumption of validity. 17 U.S.C. § 410(c); *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1075 (9th

24  Cir. 2000) ("Under the copyright laws, the registration of a copyright certificate constitutes

25  prima facie evidence of the validity of a copyright in a judicial proceeding commenced within

26  five years of the copyright's first publication."). A defendant bears the burden of overcoming this

1  presumption of validity. *Id.* ("A certificate of copyright registration, therefore, shifts to the

2  defendant the burden to prove the invalidity of the plaintiff's copyrights.").

3        Williams presented evidence that she registered her Photographs within five years of

4  their creation with the United State Copyright Office. ECF No. 25-5 at 38–48. All the

5  Photographs' publications and registrations predate Williams' discovery of Bikini's use of her

6  Photographs on its Instagram account.[3] Bikini has failed to respond to this motion and there is

7  no evidence before the court undermining the validity of Williams' copyrights or registration.

8  Therefore, I find that there is no material dispute of fact that Williams possessed valid

9  copyrights for her Photographs.

10        **2.    Bikini copied constituent original elements of Williams' Photographs.**

11        There is also no material dispute of fact that Wiliams satisfies the second element of her

12  claim: that defendant copied original constituent elements of her work. "[C]opying is shorthand

13  for the infringing of any of the copyright owner's five exclusive rights." 17 U.S.C. § 106; *see A&M*

14  *Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001) (quotations omitted) *aff'd sub nom.*

15  *A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002). These exclusive rights include the

16  right to reproduce, distribute, publicly display, perform, or create derivative works of a

17  copyrighted work. *See* 17 U.S.C. § 106. Furthermore, public display of a work is "to transmit or

18  otherwise communicate a performance or display of the work to a place specified by clause (1) or

19  to the public, by means of any device or process."17 U.S.C. § 101; *Bell v. Wilmott Storage Servs., LLC*,

20  12 F.4th 1065, 1072 (9th Cir. 2021). "Because direct evidence of copying is often not available, a

21  plaintiff can establish copying by showing (1) that the defendant had access to the

22  plaintiff's work and (2) that the two works are substantially similar." *Folkens v. Wyland Worldwide*,

23  LLC, 882 F.3d 768, 774 (9th Cir. 2018).

24  ────────────────────

25  [3] Photograph VA 2-116-919 published in 2017 and registered on August 23, 2018; photograph VA 2-178-320 published in 2018 and registered on November 5, 2019; photograph VA 2-130-596 published in 2018 registered on December 13, 2018; photograph VA 2-248-051 published in March of 2021 and registered on

26  March 31, 2021. Williams and her agent first discovered the unauthorized use of her photographs on May 17, 2021. *Id.* at 22–23, ¶¶ 5–17.

1       "The substantial-similarity test contains an extrinsic and intrinsic component." *Funky*

2  *Films, Inc. v. Time Warner Ent. Co., LP.*, 462 F.3d 1072, 1077 (9th Cir. 2006). The extrinsic test

3  "compares the objective similarities of specific expressive elements in the two works,"

4  distinguishing between the protected and unprotected material in a plaintiff's work. *Skidmore as*

5  *Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). The intrinsic test

6  considers "similarity of expression from the standpoint of the ordinary reasonable observer, with

7  no expert assistance." *Id.* (citing *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 637 (9th Cir. 2008)). "At

8  summary judgment, courts apply only the extrinsic test; the intrinsic test, which examines an

9  ordinary person's subjective impressions of the similarities between two works, is exclusively

10  the province of the jury." *Id.* (citing *Funky Films, Inc..*, 462 F.3d at 1077). Thus, a plaintiff seeking

11  summary judgment for substantial similarity in most cases will have to show that the

12  defendant's work is nearly identical to hers or that some unusual circumstance conclusively

13  demonstrates copying. *Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 553 F. Supp. 3d 803, 816 (S.D. Cal.

14  2021) (quoting Julie J. Bisceglia, *Summary Judgment on Substantial Similarity in Copyright Actions*,

15  16 HASTINGS COMM. & ENT L.J. 51, 56–57 (1993) (footnotes omitted)).

16                       a.     Access

17       The access element is met in this case because Bikini had entree to Williams'

18  photographs via Williams' Instagram accounts. Public access merely requires that the display be

19  at a place open to the public. *Bell*, 12 F.4th at 1068 (citing 17 U.S.C. § 101). Williams' Instagram

20  accounts were public,[4] meaning any internet user could access her content. *Cf. Garnier v.*

21  *O'Connor-Ratcliff*, 41 F.4th 1158, 1178–79 (9th Cir. 2022) ("Social media websites are a type of

22  public forum); *Bell*, 12 F.4th at 1068 (Public display access to a photographer's copyrighted

23  photograph merely required the photograph be located on an online public server) (citing 17

24  U.S.C. § 101)). In fact, two of the four Photographs that Bikini posted to its Instagram account

25  tagged @tamarawilliams1, leaving little doubt as to where Bikini gained access. Williams Decl.,

26

[4] Williams' Instagram account handles are @tamarawilliams and @tamarawilliams1.

1  Pl.'s Ex. 3, ECF No. 25-3 ¶ 16. As such, I find that there is no material dispute of fact that Bikini

2  had access to Williams' Photographs via her Instagram accounts.

3             b.       **Substantial similarity**

4          I also find that the substantial similarity test is met in this instance. Simply, it is

5  undisputable that Bikini's Posts are substantially similar to Williams' photographs as they are

6  identical (at least to the bare eye). *Compare* ECF No. 25-5 at 12, *with id.* at 18; *compare id.* at 13, *with*

7  *id.* at 19; *compare id.* at 14, *with id.* at 20; *compare id.* at 15, *with id.* at 21. Indeed, I find that the

8  extrinsic test is easily met because the photos contain "objective similarities of specific

9  expressive elements", in this case, they each appear to reproduce the same image of the same

10 woman's face. *See id.* I further find that no ordinary reasonable observer or jury could find that

11 the four photographs that Bikini posted are not substantially similar to the photographs that

12 Williams copyrighted given the striking similarity of the images—thus, I find that the intrinsic

13 test is also met and that summary judgment is appropriate at this time. *See Friedman v. Live Nation*

14 *Merch., Inc.*, 833 F.3d 1180, 1188 (9th Cir. 2016) (Exact copies images precisely as they appeared on

15 a website gives rise to the compelling inference that images were directly copied) (quoting

16 *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987)); *cf. Kouf v. Walt Disney Pictures & Television*, 16

17 F.3d 1042, 1045 (9th Cir. 1994) ("[S]ummary judgment is appropriate if no reasonable juror

18 could find substantial similarity of ideas and expression").

19             B.       **Williams has proven that Bikini willfully copied the Photographs.**

20          Finally, I find that there is no material dispute of fact that Bikini willfully copied

21 Williams' Photographs. On June 29, 2020, Williams' agent, Lauren Kelly, discovered that Bikini

22 had posted two of Williams' photographs on its Instagram account without her permission.

23 ECF No. 25-4 at 2. On July 6, 2020, an individual from Williams' team emailed Bikini to inform

24 the company of its unauthorized use of two of the Photographs on its Instagram account. ECF

25 No. 25-5 at 30; ECF No. 25-4 at 2. On July 14, 2020, Bikini acknowledged receipt of the July 6,

26 2020 email. ECF No. 25-5 at 31 (Bikini relayed that it would forward over Willaims' email to the

1  appropriate department to respond to this matter). On May 17, 2021, Williams' agent, Lauren

2  Kelly, discovered that, despite her email, Bikini failed to remove the original two Posts and

3  subsequently created additional Posts containing two more of the Photographs later in 2021.

4  ECF No. 25-4 at 2–3. Bikini responded to that email on September 18, 2021, detailing that one of

5  its interns was responsible for the Posts and thus that all use [of the Photographs] was made in

6  "good faith." ECF No. 25-5 at 33.

7          The test for willfulness is either actual notice or recklessness shown by reckless

8  disregard or turning a blind eye to infringement. *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 748 (9th

9  Cir. 2019). Reckless disregard can be demonstrated, for example, when a party refuses to even

10 investigate or attempt to determine whether particular photos are subject to copyright

11 protections. *Id.* at 748; *see also Castle Rock Ent. v. Carol Pub. Grp., Inc.*, 955 F. Supp. 260, 267 (S.D.N.Y.

12 1997) (finding defendants showed "reckless disregard" as to copyright infringement where work

13 included copyright notice, defendants were sophisticated with respect to copyright law, and

14 defendants continued to infringe the work after receiving a cease-and-desist letter from

15 plaintiffs). Willfulness can be found, for example, by a defendant's decision to continue

16 infringing after receipt of a cease-and-desist letter. *See, e.g., E. & J. Gallo Winery v. Consorzio del Gallo

17 Nero*, 782 F. Supp. 472, 475 (N.D. Cal. 1992) ("Use of an infringing mark, in the face of warnings

18 about potential infringement, is strong evidence of willful infringement."). "To refute evidence of

19 willful infringement, [a defendant] must not only establish its good faith belief in the innocence

20 of its conduct, it must also show that it was reasonable in holding such a belief." *Peer Int'l Corp. v.

21 Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990); *see also UMG Recordings, Inc. v. Disco Azteca

22 Distribs.*, 446 F. Supp. 2d 1164, 1173–74 (E.D. Cal. 2006).

23          I find that Williams' agent's cease and desist letter put Bikini on actual notice of its

24 potential infringement. *See China Cent. TV v. Create New Tech. (HK) Ltd.*, 2015 U.S. Dist. LEXIS 76005,

25 *30 (C.D. Cal. June 11, 2015) ("A defendant has actual notice of infringement when it receives a

26 cease and desist letter."). That an intern was directly responsible for the copyright infringement

does not absolve Bikini of liability. Indeed, that intern was under Bikini's control and Bikini was on notice. *See Michaels v. Nohr*, 2015 U.S. Dist. LEXIS 191429, *21–22 (C.D. Cal. Dec. 17, 2015) (finding defendants' conduct willful where defendants were controlled by individual who had received a cease and desist letter from plaintiff).

Thus, in the absence of evidence from Bikini demonstrating a good faith, reasonable belief that it was not infringing, I find Bikini's conduct following July 14, 2020 to constitute willful, or at a minimum, reckless, copyright infringement.

Therefore, Williams has provided sufficient evidence to establish and succeed on each element of her prima facie case of willful copyright infringement. Because Bikini has provided no contrary evidence and I find that there are no material disputes of fact properly left to a jury's consideration, I grant summary judgment in Williams' favor.

**IV.    Conclusion**

IT IS THEREFORE ORDERED Williams' motion for summary judgment **[ECF No. 25] is GRANTED**. The Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: February 28, 2024

_____
Cristina D. Silva
United States District Judge